Ferdinand C. SCAGLIONE, Jr.,
Plaintiff–Appellant,

v.

MAMARONECK UNION FREE SCHOOL DISTRICT, Westchester County Personnel Office, Defendants–Appellees.

Docket No. 02–7342.

United States Court of Appeals, Second Circuit.

Sept. 17, 2002.

Ferdinand C. Scaglione, Jr., Yonkers, NY, pro se.

David W. Silverman, Granik Silverman & Hekker, New City, NY, for Appellee Mamaroneck Union Free School District.

Linda Trentacoste, Westchester County (Thomas G. Gardiner, of counsel), White Plains, NY, for Appellee Westchester County Personnel Office.

Present WINTER, SACK, and SOTOMAYOR, Circuit Judges.

Ferdinand C. Scaglione appeals from a judgment granting Mamaroneck Union Free School District's ("MUFSD") motion for summary judgment and dismissing Scaglione's claim in its entirety.

Scaglione worked as Assistant Superintendent of Buildings and Grounds for MUFSD until 1996 when this position was eliminated and he was discharged by MUFSD through its employment agency, Westchester County Personnel Office ("WCPO"). When the position of Superintendent of Buildings and Grounds opened in 1997, Scaglione was not offered the job, even though he was on WCPO's preferred hiring list for that position. Instead, WCPO hired a substantially younger candidate who was not on the preferred list. In 1999, WCPO offered and Scaglione accepted the position of Head Custodial Worker, a job that paid less than his previous job. Scaglione alleges that since 1999 he has been denied several promotions to which he was entitled.

After obtaining the requisite right to sue letter Scaglione brought suit against both MUFSD and WCPO, alleging that they discriminated against him on the basis of his age and gender and retaliated against him for exercising his right to free speech in violation of (1) the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. §§ 621–634; (2) Title VII, 42 U.S.C. § 2000e *et seq*; (3) the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, cognizable under 42 U.S.C. §§ 1983, 1985; (4) 42 U.S.C. § 1981; and (5) provisions of New York Human Rights Law. MUFSD moved for summary judgment and the district court granted the motion, dismissing the complaint in its entirety. In dismissing the complaint, the district court determined that (1) MUFSD was immune under the Eleventh Amendment for the claim brought under the ADEA, and (2) the claims under 42 U.S.C. §§ 1981, 1983, and 1985 were time-barred under the applicable three-year statute of limitations. The district court did not, however, address Scaglione's gender discrimination claim under Title VII, nor did it address any of the claims as against WCPO. With respect to the state law claims, the district court determined that it lacked jurisdiction to hear them in light of its dismissal of the federal causes of action, and dismissed them without prejudice. Mr. Scaglione appealed.

■■■ The district court found that MUFSD is an arm of the state, *Lanza v. Wagner*, 11 N.Y.2d 317, 326–27, 183 N.E.2d 670, 674–75, 229 N.Y.S.2d 380, 386–88 (1962), and hence immune to suit under the Eleventh Amendment, *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 67, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). We agree and therefore conclude that the district court correctly dismissed the ADEA claim against MUFSD. The district court also correctly dismissed the § 1983 and § 1985 claims as to MUFSD, but not, as the district court stated, because they were time-barred. Scaglione alleged that after 1999 defendants continued to deny him positions for which he was qualified. His § 1983 and § 1985 claims were therefore brought within the three-year statute of limitations. Nonetheless, the § 1983 and § 1985 claims were correctly dismissed as to MUFSD because of MUFSD's Eleventh Amendment immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The district court correctly dismissed the Title VII claim be-

cause it was not presented in Scaglione's EEOC complaint, and hence not exhausted. Finally, the district court correctly dismissed the claim under § 1981, which protects against race-based discrimination, because Scaglione failed to allege such discrimination.

The district court also dismissed the ADEA and § 1983 and § 1985 claims as to WCPO, even though WCPO never moved to dismiss and the district court never considered the claims against it. On appeal, WCPO argues that it too is an arm of the state and should accordingly be afforded Eleventh Amendment immunity. We conclude that the record is insufficient for us to consider this issue on appeal. *See Mancuso v. N.Y. State Thruway Auth.*, 86 F.3d 289, 292–93 (2d Cir.1996) (discussing the factors a court must consider in determining whether an entity is an arm of the state). We remand to allow the district court to consider the ADEA and § 1983 and § 1985 claims against WCPO, and to reconsider its dismissal of the state law claims should the exercise of supplemental jurisdiction become appropriate.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED in part and VACATED and REMANDED in part for further proceedings consistent with this order.